UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-08229-AB-AS | Date: | February 13, 2025 |
|---|---|---|---|

| Title: | *Julie Ambrose v. Porsche Cars North America, Inc. et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER <u>DENYING</u> PLAINTIFF'S MOTION FOR REMAND [Dkt. No. 11], <u>STRIKING</u> JOINT RULE 26(F) JOINT REPORT [Dkt. No. 12], and <u>CONTINUING</u> SCHEDULING CONFERENCE

Before the Court is Plaintiff Julie Ambrose's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 11). Defendant Porsche Cars North America, Inc. ("Defendant") filed an opposition and Plaintiff filed reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the February 14, 2025 hearing. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. The Motion is **DENIED.**

### DISCUSSION

The Court's brief explanation of the basis of its decision assumes familiarity with the filings.

First, the Court finds that Plaintiff complied with Local Rule 7-3. Plaintiff's counsel states, under penalty of perjury, that they called defense counsel Nathaniel Cowden and left a voicemail explaining the basis of the motion, and that after the

phone call, they sent attorney Cowden an email documenting the prior voicemail and requesting a conference of counsel. Defense counsel never called back or responded to the email. Defense counsel calls Plaintiff's account into question, pointing out that Plaintiff's counsel "failed to provide the number that was called." Opp'n 2:6-7, and complaining that Plaintiff's counsel failed to send the meet and confer email to the service email address provided on CM/ECF, eservice@thetafirm.com. However, Defense counsel does not deny receiving the voicemail or the email. The email, which Plaintiff also filed, does in fact reference the prior voicemail. Plaintiff's counsel apparently sent the email to Defendant's attorney Nathaniel Cowden's email address, nc@thetafirm.com. The Court is unaware of any authority to the effect that meet-and-confer letters must be served instead of simply emailed directly to counsel as Plaintiff's counsel did here. Indeed, the latter is customary, and requiring service would make no sense given that Local Rule 7-3 encourages counsel to meet and confer in person. In an ideal world, perhaps Plaintiff's counsel could have made another attempt to reach Defense counsel, but in reality the proverbial ball was in Defense counsel's court. Defense counsel's objections to Plaintiff's meet and confer efforts are hypertechnical and unconvincing. It is disappointing that counsel would squander this court's limited time with them. Plaintiff satisfied Local Rule 7-3.

It must also be said that, even if Defendant did not respond to Plaintiff's voicemail or email, there was nothing stopping the parties from engaging in those discussions after the motion was filed. Local Rule 7-3 should not be treated as a mere technical obstacle, and box to check before filing a motion; its purpose is to avoid burdening the Court with avoidable motions—a purpose that counsel should share regardless of the rule, and that they could fulfill even after such a motion is filed.

Nevertheless, Plaintiff's Motion fails on the merits. Plaintiff states that Defendant failed to present evidence to establish diversity jurisdiction, or to establish that Defendant satisfied the procedural requirements of removal. But Plaintiff's motion merely cites general legal standards without pointing out any specific deficiencies in Defendant's showing.

The Court has reviewed the Notice of Removal and finds that it establishes subject matter jurisdiction: it easily establishes that "the matter in controversy exceeds the sum or value of $75,000" and that there is complete diversity, meaning that the dispute is between citizens of different States. 28 U.S.C. § 1332(a). Defendant bolsters this showing in its opposition. Plaintiff's reply is largely inapt and does not overcome Defendant's jurisdictional showing. Because Defendant

satisfied its burden of establishing subject matter jurisdiction, Plaintiff's Motion for Remand is **DENIED** insofar as it argues otherwise.

      Nor does Plaintiff effectively challenge Defendant's compliance with the procedural requirements of removal. First, Plaintiff's Motion does not raise any specific any procedural defect: the memorandum, inexplicably relying on a 1983 case from the Southern District of Ohio, states only that "because Plaintiff has filed this motion within 30 days after the Notice of Removal, Defendant's burden includes the requirement of proving compliance with the procedural requirements for removal." *See* Mot. 8:13-25. While a defendant does have the burden of establishing that it has satisfied the procedural requirements of removal, such procedural defects are waivable unless the plaintiff raises them in a timely motion for remand. *See Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). Here, Plaintiff's memorandum fails to identify any particular procedural defect. Plaintiff's mere recitation of the legal requirement that Defendant must prove compliance with the removal procedure is not the same thing as objecting to removal based on a procedural defect. Plaintiff's meet-and-confer letter does claim that the removal was untimely, but Plaintiff did not make this argument in the memorandum itself. Plaintiff's reply does specifically state that the removal was untimely, but this argument itself is untimely for two reasons. First, it is untimely (and therefore waived) under the removal statute because it was not made within 30 days of removal. *See Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) ("We hold that § 1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed.") Second, this argument is untimely under the general maxim that matters raised for the first time in reply are untimely. Because Plaintiff's Motion for Remand did not effectively raise any procedural defects, it is **DENIED** insofar as it purports to raise any procedural defect.

      Notwithstanding Plaintiff's failure to effectively raise a procedural defect, the Court necessarily had to review all of the filings. Having done so, the Court notes that the Notice of Removal is, in fact, lacking: it alleges that the state court summons and complaint were served on Defendant on August 20, 2024, so "removal is therefore timely" under 28 U.S.C. § 1446(b) (§ 1446(b)(1) requires removal within 30 days of service of removable complaint). *See* Notice of Removal ¶ 1. But Defendant removed the action on September 24, 2024—35 days after service. Therefore, on its face, the removal based solely on service of the complaint under § 1446(b)(1) was untimely. In its opposition, however, Defendant

| CV-90 (12/02) | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk DTA |
|---|---|---|

invokes a different subsection, 28 U.S.C. §1446(b)(3), stating that "removal is timely under 28 U.S.C. §1446(b)(3) whereas [sic] Defendant received a copy of the lease contract establishing the amount in controversy on August 26, 2024." Opp'n 2:24-27. Section 1446(b)(3) provides that if the complaint does not establish removability, then a defendant may remove within 30 days of receipt of an "other paper" establishing removability. Defendant apparently invokes this second, "other paper" 30-day removal window. But Defendant does not develop this argument: Defendant does not claim that the complaint is not removable—the predicate fact necessary to trigger the "other paper" timeframe—and provides none of the foundation regarding its receipt of that "other paper" that is usually provided in these circumstances. Defendant's effort might not have been enough to carry its burden to overcome a properly-raised timeliness challenge had Plaintiff made one.

The Court could have summarily denied the motion. Instead, it provides the above analysis in the hope that counsel on both sides will learn from it and do much better going forward, whether before this Court or others.

## CONCLUSION

Plaintiff's Motion for Remand is **DENIED**.

The Court also declines to enter a scheduling order at this time. The Court's Order Setting Scheduling Conference "<u>ORDERS</u> the parties to make every effort to agree on dates." *See* Schedule Worksheet. The parties here did not heed this order and instead proposed conflicting schedules for no apparent reason. The Court will not work to reconcile their differences: the parties must try again. The Court therefore **STRIKES** the Rule 26(f) Joint Report (Dkt. No. 12). The Court **ORDERS** the parties to file **by February 26, 2025**, an amended Rule 26(f) Joint Report, in which they do in fact work to agree on dates. The Scheduling Conference is **CONTINUED** to March 7, 2025, at 10:00 a.m.

**SO ORDERED.**